# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

FAUSTINO ROBINSON,

Plaintiff,

vs.

TERRY SHAFFER, EDWARD TUY,

Defendant.

CASE NO. 10cv61-LAB (CAB)

**ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed his complaint in this action without either paying the filing fee or moving for leave to proceed *in forma pauperis* ("IFP"). The complaint was, however, accompanied by several partially-completed pages from an unidentified form, which may be an application for appointment of counsel.

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has filed numerous other lawsuits in this District, though none recently. In most cases, he applied for and was granted IFP status.[1] In several other cases, it is unclear

[1] These include *Robinson v. Hubbard*, et al., 07-cv-02051-W (AJB); *Robinson v. Hamrick*, 07-cv-02203-WQH (BLM); *Robinson v. Hubbard,* et al., 07-cv-01560-W (CAB); *Robinson v. Burns*, 07-cv-01380-IEG (JMA); *Robinson v. Burns*, 07-cv-01095-H (WMC); *Robinson v. Brohos*, 07-cv-00875-W (NLS), *Robinson v. Harvey*, 06-cv-01455-W (LSP); and *Robinson v. INS*, et al., 06-cv-00338-LAB (JMA).

whether he applied to proceed IFP, or his case was dismissed without the IFP application having been ruled on.

In view of Plaintiff's earlier IFP applications, and because the pages he attached to his complaint give some financial information and are signed under penalty of perjury, the Court construes them as an application to proceed IFP. The application Plaintiff has no income or cash, is "unemployable," has not been employed since 1983. The application, however, omits key details and explanations. For example, there is no statement regarding other assets Plaintiff has, nor has Plaintiff explained how he supports himself. The application says nothing about Plaintiff's expenses, other than to state that the monthly rent at the apartment where he lives is $4.60. In all likelihood, this should be $460, although the question still remains if Plaintiff has no cash or income as he claims, how he is able to pay rent at all.

The application to proceed IFP is therefore **DENIED**. Ordinarily, the Court would simply direct that a new and more complete IFP application be completed or the filing fee paid. However, the complaint is also inadequate. It makes vague allegations about a dispute over a rental payment for a mailbox. Plaintiff is apparently alleging Defendants stopped renting him a mailbox after he stopped paying for it. He appears to argue they were required to bill him for it but failed to do so. Then, he alleges, they failed to show him respect and were abusive towards him. He therefore seeks $50,000 in damages. This does not state a claim for which relief can be granted, and also fails to explain why the Court would have jurisdiction over this action.

Under 28 U.S.C. § 1915(a), the Court must, on its own motion, review a complaint filed by any person proceeding IFP. A complaint must be dismissed by the Court if it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Because the complaint neither states a claim under which relief may be granted, nor invokes the Court's jurisdiction, it is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaint is therefore **DISMISSED WITHOUT PREJUDICE** for failure to pay the filing fee (or to obtain leave to proceed IFP), for failure to state a claim for which relief can be granted, and for failure to invoke the Court's jurisdiction.

**IT IS SO ORDERED**.

DATED: July 19, 2010

**HONORABLE LARRY ALAN BURNS**
United States District Judge